## HENWOOD v. STATE, 41 Miss. R., 579.

### RETAILING.

It is not necessary to the justification of a druggist selling spirituous liquor in less quantities than five gallons, within five miles of the University of Mississippi, that he should make and file an affidavit with the probate clerk, as required by the Rev. Code, 198, art. 8, before making the sale. A compliance with the act of February, 1860, ch. 284, is a justification.

Error to La Fayette circuit court. CLAYTON, J.

*Walter & Scruggs*, for plaintiff in error.

*C. E. Hooker*, attorney general.

HANDY, C. J.:

The plaintiff in error was indicted in the circuit court of La Fayette county, for selling spirituous liquors in a less quantity than five gallons, within five miles of the University of Mississippi, located in said county, without having filed the affidavit required by law, and not as a druggist, apothecary or physician, for medicinal, sacramental or culinary purposes, contrary to the form of the statute in such case made and provided. The accused moved to quash the indictment, on the same ground afterwards taken on the trial, and which will be hereafter stated; which motion was overruled. On the trial it was proved, on the part of the state, that the sale of the spirituous liquor was made by the accused within five miles of the University, to a person who purchased it for medicinal purposes, under the recommendation of physicians, and who, before the purchase, executed to the accused a certificate stating that he required the spirituous liquor exclusively for medicinal purposes, which was filed by the accused; that the accused was a druggist, and that the purchase was made of him as such; that the accused had never

filed any affidavit in the office of the probate clerk with reference to the sale of vinous and spirituous liquors.

At the instance of the prosecution, the court instructed the jury, in substance, that if they believed from the evidence that the defendant sold the spirituous liquor as charged in the indictment, in a less quantity than five gallons, within five miles of the State University at Oxford, they should find him guilty, unless the sale was made from a drug store, or he had, before the sale, made and filed in the office of the probate clerk of La Fayette county, an affidavit that he or his firm would not sell spirituous or vinous liquors in less quantities than one gallon, for any purposes other than for medicinal or sacramental purposes, without being satisfied from the evidence furnished him or them by the purchaser, that it is intended to be used for these purposes.

The motion to quash the indictment, and the rule stated in this instruction, present the question, whether it is necessary to the justification of a person selling spirituous liquor in a less quantity than five gallons, within five miles of the University of Mississippi, that he should make and file an affidavit as required by Art. 8, Rev. Code, 198, before making the sale.

The act of February 28, 1848, Rev. Code, 156, prohibits the sale by any person or persons whatever of vinous and spirituous liquors, in any quantity less than five gallons, within five miles of the University of Mississippi, with a proviso, that it should not extend to the sale of such liquors in less quantities, from drug stores, for medicinal purposes. It prohibits the granting of licenses by the board of police, to retail such liquors in less quantities than five gallons, within that locality. And it enacts severe penalties for the violation of the act. By the second section of the act of 3d February, 1857, Rev. Code, 161, it is provided that the fine for a violation of the act shall be not less than $500, and imprisonment for two months—both or either, at the discretion of the court. And the act of 10th February, 1860, chap. 234, further prohibits the sale, without the party selling shall first take and keep on file a certificate in writing, from the person to whom such liquor shall be sold, to the effect that it is exclusively for medicinal purposes, with the date of sale

and the person's name subscribed; and any person falsely so certifying shall be liable to the penalties imposed on the druggist by the act of 3d February, 1857; and the druggist is also made liable, if he knew that the certificate was false.

All these acts were passed with express and sole reference to the sale of spirituous liquors near the University of Mississippi, and they were clearly intended as special enactments regulating such sales in that locality. They purport to be such on their face, and they fully carry out that object.

The act, chap. 20, Rev. Code, 197, is an act " to regulate the sale of vinous and spirituous liquors generally, without reference to any particular locality. It provides how licenses to retail liquors may be obtained, and contains many regulations and restrictions, and some prohibitions as to the sale of such liquors. Its general character is one of regulation, not of prohibition. Among its provisions is Art. 8, which authorizes druggists, physicians and apothecaries, to sell such liquors in less quantities than one gallon, for medicinal, sacramental or culinary purposes, requiring satisfactory evidence from the party offering to purchase, that it was required for one of these purposes; provided, that every druggist and apothecary, before making such sale, should make and file an affidavit in the probate clerk's office, that he will not sell such liquors for said purposes, without being himself fully satisfied, from evidence furnished him, that such liquors are intended for said purposes, and no other. And the 15th article provides, that the act should "not apply to places where the sale is expressly prohibited by law, or is regulated by special enactment."

We think it clear that the provisions of this act were not intended to apply to the sale of spirituous liquors within five miles of the State University, because—1. The sale of such liquors, in that locality, was *prohibited* under severe penalties, and with very special and rigid limitations, by the acts passed with exclusive reference to that locality; and a general act passed to *regulate* and *authorize* the sale of such liquors, could not, with propriety, be held to apply to that locality where the subject had been matter of special and peculiar enactments, amounting to an almost total prohibition of the sale. 2. Such being the char-

acter of the legislation in relation to that locality, it is manifest that that locality is expressly excepted from the rule prescribed in Art. 8, by the positive terms of Art. 15.

We are, therefore, of opinion that the court erred in overruling the motion to quash the indictment, and in giving the instruction above stated for the state, and in modifying the first instruction asked for the defense.

The judgment must be reversed, the indictment quashed, and judgment entered here for the plaintiff in error.